## ELLA McKENZIE et al. v. CATHERINE E. DONNELL et al., Appellants.

### Division Two, December 10, 1907.

1. **FINDING OF FACTS:** A special finding of facts is not necessary unless requested; and where there is no bill of exceptions, but by reference to the pleadings it is easily ascertainable what the court found as a basis of the decree, the judgment is not erroneous because there was no finding of facts, nor is such finding necessary.

2. **RES ADJUDICATA: Ejectment: Accounting.** Before any matter becomes *res adjudicata*, even where it is for an accounting for rents which were not adjudicated by a former ejectment, it must have been tried and adjudicated.

3. ———: ———: ———: **Rents: Barred.** Rents had been adjudged in favor of plaintiffs against defendants up to the time of the decree in a former suit to set aside a deed under which defendants held, and that deed being set aside and the judgment affirmed on appeal and defendants refusing to deliver possession, plaintiffs sued their tenant alone in ejectment, who had been in possession only one year, and set up no claim for rents, and obtained judgment and ouster, and in this suit seek an accounting for rents that had accrued during the pendency of the appeal and for the time that defendants' tenant was thereafter in possession, and specifically allege that the reason rents were not asked for in the ejectment was because all rents had been adjudged to plaintiffs against defendants in the first suit and defendants by the decree therein had been required to enter into an accounting with plaintiffs therefor, and because the tenant was insolvent. *Held*, that the suit in ejectment was no bar to a demand for rents in this suit for an accounting.

4. ———: ———: ———: ———: **Splitting Cause of Action.** Where plaintiffs included in their former equitable action all the rents and damages which had accrued up to the date of judgment, but did not and could not include rents which accrued during the pendency of defendants' appeal, it is no splitting of their cause of action if they bring a subsequent suit for an accounting for the rents which accrued subsequently to that appeal, not even if after the judgment was affirmed on appeal they brought an ejectment against defendants' tenant alone in which they asked for no rents, the suit for an accounting being one to enforce the first decree and for an accounting of matters accruing subsequent to the decree superseded by defendants' appeal.

5. ———: ———: ———: ———: ———: **Equitable Execution.** Such a suit is in the nature of an equitable execution issued on the judgment which had already determined plaintiffs' right.

6. **SETTING ASIDE MORTGAGE: Condition Unperformed: Forfeiture.** Where plaintiffs alleged that a deed made by their father to defendants was void on the ground that he was insane and that a deed of trust made by defendants to a bank was also void for the same reason, and the court sets aside both instruments, and invests the title in plaintiffs, and requires them, within ninety days, to pay to the bank the amount of the mortgage debt, and awards to the bank special execution against the land if not paid within that time, it is no concern of defendants whether the bank was paid within the designated time or not; and they cannot maintain the plea that plaintiffs' petition in a subsequent suit for an accounting for rents adjudged to them by the former decree, which accrued during defendants' appeal, shows no equity because plaintiffs did not pay the bank the amount fixed by the decree.

Appeal from Jackson Circuit Court.—*Hon. Shannon C. Douglass*, Judge.

AFFIRMED.

*E. P. Garnett* for appellants.

(1) Upon the face of the record the judgment is erroneous. There was no finding of facts upon which to base the judgment. It is well settled that the facts upon which a decree in equity is based must be found by the court. Labarge v. Chanvin, 2 Mo. 177; Robertson v. McCune, 128 Mo. 577. (2) Plaintiffs are not entitled to maintain a multiplicity of suits for the same subject-matter. One ought not to be vexed twice for one and the same cause. No rule of law is better settled than that the single cause of action cannot be split up in order that separate suits may be brought for the various parts of what constitutes one demand, and the rule is founded upon the plainest and most substantial justice. Wagner v. Jacoby, 26 Mo. 532; Railroad v. Frauble, 59 Mo. 355; Moran v. Plankington, 64 Mo. 337; Taylor v. Heitz, 87 Mo. 660. And our adjudications are

in harmony with the great weight of authority in this
State. Knowlton v. Railroad, 147 Mass. 606; Bairn v.
U. S., 96 U. S. 430; Brandenberg v. Railroad, 13 Ind.
103; Bank v. Tracy, 141 Mo. 252; Railroad v. Sweet,
103 Mo. App. 276; Edmon v. Jones, 96 Mo. App. 83;
Shaw v. Pollard, 84 Mo. App. 286. (3) The bill sets
out that there is another suit pending for part of the
same subject-matter, which suit was commenced before
this one. That suit is a complete bar to this suit.
"When two suits are brought at different times be-
tween the same parties for the same thing, that first
brought occupies the ground, and that subsequently
bought will be abated." Walter Com. Co. v. Gileland,
98 Mo. App. 587; Ward v. Henry, 117 Mo. 530. The
fact that plaintiffs did not sue for all that they claimed
does not avail them. They cannot split up their cause
of action. "Whatever form of action it adopted it was
bound to sue for its whole cause of action at that time
or stand estopped from afterwards suing for the por-
tion purposely omitted." Bank v. Tracy, 141 Mo. 262.
Clearly upon its face the petition does not state a cause
of action in equity. It is manifest that plaintiffs have
a complete and adequate remedy at law by the suit in
ejectment in which can be embraced a prayer for rents
and profits and damages and wastes.

*Wash Adams* and *N. F. Heitman* for respondents.

(1) The petition certainly states a cause of action
in equity. Cranor v. School Dist., 151 Mo. 119, and the
statute therein quoted; Story's Eq. Pl. (9 Ed.), sec.
429; Buchanan v. Smith, 75 Mo. 463; Root v. Wool-
worth, 150 U. S. 401; Haynie v. McAnally, 27 S. W.
431; O'Hara v. Shepherd, 3 Md. Ch. 306; McQueen v.
Farrow, 4 Mo. 212; McElroy v. Ford, 81 Mo. App. 500;
Field v. Sanderson, 34 Mo. 542; Walsh v. Boise, 16 Mo.
App. 231; Windham v. Kline, 72 Mo. App. 615; Davis
v. Cahn, 96 Mo. App. 587. Under the allegations of the

McKenzie v. Donnell.

bill, it is plain that there was no adequate remedy at
law.  Hockaday v. Lawther, 17 Mo. App. 636.  The pe-
tition is lengthy because the former decree is lengthy,
and because the Donnells disobeyed every part of it.
Their lengthy and varied disobedience of this court is
the direct and only cause of the length of the petition.
(2)  This court ordered respondents to pay the resti-
tution money to the bank and they obeyed that order.
This was alleged and found, and there is no bill of ex-
ceptions.  This court granted respondents the privilege
of ninety days after its decree in which to pay the
restitution money—the year granted by the lower court
having expired while the Donnells were appealing to
this court.  In case of failure to pay in ninety days, the
only penalty was that the bank was granted the right
to an execution and a sale of the property and the res-
pondents were to have the excess of the proceeds of
such sale over the restitution money.  This proves that
no forfeiture was contemplated.  Said year and said
ninety days only suspended the bank's execution that
long—this and nothing more.  This court gave the bank
the exclusive control of the execution, and before the
ninety days expired Kansas City started to condemn
two-thirds of the land, so that it could not be sold under
said execution.  The bank simply refrained from an ex-
ecution, and got its restitution money out of the con-
demnation money.  The decree gave the Donnells no
control over the execution.  The decree settles the re-
sult of our failure to pay within the time.  It was not
forfeiture, but only gave the bank the right to sue out
execution, to sell the land to satisfy its equitable lien
for the restitution money.  (3)  There is nothing in
the first point assigned in appellants' brief because the
decree shows a general finding of all the issues in favor
of the plaintiffs.  This is sufficient.  The statute itself
so provides.  Sec. 695, R. S. 1899.  Special findings of

208 Sup—4

fact are not necessary unless requested. There was no request. Robinson v. McCune, 128 Mo. 587; Judge v. Booge, 47 Mo. 544; Gaines v. Co., 107 Mo. App. 532. (4) There is nothing in the second point in appellants' brief for the reason that neither the subject-matter, the parties, nor the foundation of the Henry Ising eject-ment suit was the same as in this suit. Hence, none of the authorities cited by appellants under their second point is applicable. Windham v. Kline, 77 Mo. App. 46. Said case holds that: "To make a matter *res ad-judicata* there must be a concurrence of the four con-ditions following: Identity of the thing sued for; iden-tity of the cause of action; identity of persons and par-ties to the action; identity to the quality of the persons for or against whom the claim is made." Davidson v. Mayhew, 169 Mo. 258; State v. Jones, 82 Mo. 509; Rich-ardson v. Adams, 4 Mo. 311.

GANTT, J.—This is an appeal from a judgment of the circuit court of Jackson county for an accounting and to enforce the decree of this court rendered on the 12th of July, 1899, wherein the plaintiffs herein were plaintiffs in error and the defendants herein were ap-pellants in a cross appeal.

The petition sets forth at length the bringing of the bill in equity by the plaintiffs, as the children and heirs at law of Jedediah E. McKenzie, to recover certain lands and set aside a deed of trust thereon and for an accounting on the ground that a certain deed of con-veyance, to-wit, a deed of trust made by the said Jede-diah McKenzie on March 15, 1875, to Charles H. Vin-cent, trustee for Patterson Stewart for $3,000, was in-valid, because of the insanity of the said Jedediah Mc-Kenzie at the date of its execution, and that a certain trustee's deed, made by the sheriff of Jackson county, under and by virtue of the power of sale contained in

said deed of trust, to Catherine E. Donnell, was invalid for the same reason, and that such proceedings were had that a decree was rendered by the circuit court of Jackson county in favor of plaintiffs on the 15th day of July, 1895, whereby it was adjudged that at the date of the execution of said deed of trust, said Jedediah was insane, and ordered and decreed that the said deed of trust of March 15, 1875, be set aside and for naught held. And that the trustee's deed by the sheriff as aforesaid to Catherine E. Donnell should also be set aside and for naught held on account of the invalidity of the deed of trust under which said trustee's deed was made. And that a certain other deed of trust given by the said Catherine E. Donnell and M. S. C. Donnell, her husband, to Oliver H. Dean, as trustee, for Israel B. Mason, of date July 29, 1886, and duly recorded in Jackson county, to secure a note of even date therewith for $15,000, which had been transferred and delivered to the Citizens' National Bank of Kansas City, should also be set aside, and that a certain other deed of trust by the said Catherine E. Donnell and her husband to James S. Botsford, trustee, for George F. Ballingal, of date October 27, 1892, and for $500, and duly recorded in Jackson county, and which had been transferred to the Citizens' National Bank of Kansas City, should also be set aside and for naught held. And it was further adjudged and decreed in the said action that the fee simple title to the above-described real estate should be and the same was thereby vested in the children and grandchildren of the said Jedediah McKenzie, the plaintiffs in this suit. It was further ordered and decreed that the defendants, Catherine E. Donnell and M. C. S. Donnell her husband, and the said Citizens' National Bank, and the trustees in the said deed of trust and all persons claiming by, through or under them should be forever debarred and enjoined from having or claiming any right or title whatsoever

to the said real estate adverse to the plaintiffs therein, the children and grandchildren of the said Jedediah McKenzie, and the title to said property was forever quieted in the said heirs. It is also alleged that the said circuit court charged the said Donnells with the rents and use and occupation of said real estate and for certain rock quarried out of said premises by the said Donnells during their occupation of the same, which the court found to be in the aggregate, up to the time of entering the said judgment, $3,223, and on the other hand the court charged the said real estate with the purchase price paid by the said Donnell therefor, to-wit, $2,105, and also with the taxes thereon since the year 1877 up to the time of said decree, with interest thereon, and with certain attorney fees paid by the said Donnell in resisting the condemnation of a part of said land for Twenty-third street and in resisting a certain other taxbill against said property for the grading of Locust street, in all amounting to $1,250, and for certain repairs thereon, the whole amounting in the aggregate to $11,113.14, and deducted from the said sum the said sum of $3,223 rents and interest thereon and rock quarried up to the time of the entering of the said decree, and found a balance of $7,890.14, and decreed the same as a charge against the plaintiffs on said real estate and ordered and adjudged that the same be paid to the Citizens' National Bank within twelve months of the rendition of the judgment and to bear six per cent interest. It was ordered, adjudged and decreed that the defendants immediately deliver possession of the said real estate unto the plaintiffs. In default of payment of the said $7,890.14, within the 12 months allowed by the court, it was decreed that the said real estate should be sold to satisfy the same, and out of the proceeds of said sale the sheriff should first pay the costs and expenses of said sale and no other costs, and next pay to the Citizens' National Bank the said sum of

$7,890.14, with interest thereon at the rate of six per cent per annum from the date of judgment until paid. Provided, however, that if the cost adjudged in said cause against said Catherine and M. S. C. Donnell had not been paid, on execution or voluntarily, at the time of the sale of the said land under said execution, then the amount of the said cost adjudged in said cause should be deducted from the said sum of $7,890.14 and the balance of said sum paid to the Citizens' National Bank and, thirdly, the balance, if any, of the proceeds of said sale should be paid to the plaintiffs in this case. Plaintiffs were also charged with certain other items of costs, which are not necessary to be noted at this time. The plaintiffs filed a motion to modify the said decree, which motion the court overruled and the plaintiffs excepted. The defendants also filed motions for new trial and in arrest of judgment and a motion to tax the costs against the plaintiffs, all of which motions the court overruled, and the defendants excepted. The plaintiffs brought their exceptions to this court by writ of error and the defendants appealed. The circuit court made a further order in the cause whereby it permitted the said Donnells to pay any and all taxes general and special which might be levied or charged on the property in controversy pending their appeal except a certain special taxbill, which was then pending in the Supreme Court, and ordered that they be allowed all such payments as liens upon such property with interest thereon from the time of payments until the decree should be carried into effect if affirmed by the Supreme Court, and further decreed that the said Donnells should be charged with the actual rents of the said premises received by them during said appeal with interest thereon at the rate of six per cent, and for all moneys received by them for rock, if any, quarried by them on the said property during said appeal and until said judgment was affirmed and carried into effect. It

is thereupon further alleged that on the 12th day of July, 1899, the Supreme Court of Missouri rendered an opinion in the said cause, which is reported in the 151 Mo. 461 to 472, and affirmed the said decree in all respects except that it disallowed the sum of $375 attorneys' fees allowed the said Catherine E. and M. S. C. Donnell in defending the taxbills then in suit in the Supreme Court, thus leaving the amount with which said lands were to be charged in favor of the Citizens' National Bank to be $7,515.14. It further appears that the Supreme Court modified the judgment of the circuit court so as to extend the time to plaintiffs to pay said charge on said land, for ninety days after August 1, 1899. It is then alleged that afterwards, the city of Kansas City, Missouri, by the exercise of its power of eminent domain, took and appropriated for public use, to-wit, for the boulevard and park way known as North Gillham Road, about two-thirds of the said tract of land, leaving a tract uncondemned of the following description: "Beginning at the northwest corner of the southeast quarter of section eight, township forty-nine, range thirty-three, and running thence south 440 feet; thence east 196 feet; thence north 440 feet; thence west 196 feet to the place of beginning." And plaintiffs state that on the south part of this last-described tract there was at the rendition of said decree a frame house, which still remains on the said premises; that the said house had been rented by the said Donnells for ten dollars per month ever since the said decree; that after the rendition of the opinion in the Supreme Court, the plaintiffs requested the said Donnells to account for the said rent which had accrued since the rendition of the said decree and demanded possession of the same and the said Donnells promised to make an accounting and turn over the possession of said property, but delayed until a short time prior to the April term, 1903, of the circuit court of Jackson county, at which time the plain-

tiffs brought an action in ejectment against one Henry Ising, who was then the tenant of the said Donnells residing in said house, and recovered judgment in the circuit court of Jackson county at the April term, 1903, for the recovery of the said house and the south 127 feet of said tract; that said judgment was rendered against the said Ising and the said Catherine Donnell, who had entered her appearance in said suit as a landlord of the said Henry Ising; that before the commencement of the said suit the defendants Donnell refused to account to the plaintiffs for the said rentals contrary to the terms of the decree and still refuse to account for the same, and that the same amount to $960 with the interest thereon. It is also alleged that the defendants Donnell also caused a lot of rock to be quarried out of said lands and received payment therefor and appropriated the same to their own use; that plaintiffs do not know the amount of the rock so quarried or the amount of money received therefor by the said Donnells, and prayed for an accounting of the amount of money so received for the said rock so quarried. It is also alleged that the said defendants Donnell have never paid any of the taxes on said land or any part thereof since the date of the said decree and that plaintiffs have paid all the taxes, state, county and city, that have accrued since the year 1877. It is further alleged that prior to the decision of the Supreme Court in the said appeal, Kansas City had commenced said proceedings to condemn a part of said land as above stated, and that said proceeding culminated in an award to plaintiffs as the owners of said land of the sum of $16,150 for the part of the said land so taken and that a benefit of $2,000 was assessed against plaintiffs in said proceedings against the tract of land which was not taken; that said city afterwards paid plaintiffs for that part of said land, which was taken, and out of the moneys awarded plaintiffs for the taking of said land,

plaintiffs paid the Citizens' National Bank all the moneys which they were required to pay it by the decree of the circuit court and Supreme Court, and had in all other respects complied with the said decree as far as they were concerned. That at the time plaintiffs paid the said Citizens' National Bank the amount which they were required to pay it by said decree, the said sum of $883.64 had not been paid by the said Donnells or any one else. Plaintiffs allege further that at the time of the payment by plaintiffs of the amount decreed to the Citizens' National Bank, a question arose as to the fund which should bear interest under the said decree on account of the failure of the said Donnells to pay the said $883.64, plaintiffs insisting that the said interest bearing fund was $6,631.50 and not $7,515.14, but the said bank fearing that under the said decree it would render itself liable to the said Donnells in case it settled with the McKenzie heirs, the plaintiffs herein, on the basis of permitting the interest bearing fund to be $6,631.50 instead of $7,515.14, a stipulation was entered into whereby it was agreed that the difference arising between the parties from the different methods of computation aforesaid was $341.29, and that the said amount should be retained by the said bank, and that the bank would at once commence a proceeding to determine the rights of the parties thereto as well as the rights of Catherine E. and M. S. C. Donnell to said sum of $341.29, and the bank agreed that no charge should be made against the parties or the said fund for counsel fees, save the court cost in said proceeding. It is then alleged that the bank had brought no suit to determine the rights of the parties to said sum of $341.29 in the hands of the said National Bank, and that the same belonged to the plaintiffs. The petition then prayed judgment that the bank pay over said money to plaintiffs and that the defendants Donnell show cause, if any, why the bank should not pay the same to the

plaintiffs. There was a prayer then that the court require the said defendants Catherine E. and M. S. C. Donnell to make an accounting of all rents received by them for the house heretofore described since the 15th of July, 1895, up to the 20th of July, 1903, and also for all rock quarried on said land and all moneys received and appropriated by them for the rock so quarried. Plaintiffs further allege in their petition that the defendants Donnell in their answer to the suit which was determined in the Supreme Court, set up and pleaded the Statute of Limitations to defeat plaintiffs' claim, and that said plea of the Statute of Limitations was by said decree adjudged against the said defendants. Plaintiffs further allege that the defendants Donnell are now in contempt of said decree and in defiance thereto are setting up claims to the said lands adverse to plaintiffs and are still receiving and taking to their use all the benefits by way of rents of the said land. It is further alleged that when the plaintiffs brought their action of ejectment against the said Henry Ising, they did not ask for rentals for the reason that their remedy at law was inadequate, because the said Henry Ising was insolvent, and, moreover, had only been in possession of the said property as defined for about one year before the institution of this ejectment suit, and because there was no assurance that the said defendants Catherine E. and M. S. C. Donnell would enter their appearance in said ejectment suit and for the further reason that the obligation of the said defendants Donnell to pay said rentals had been adjudged and decreed by the said decree of the circuit court of Jackson county and affirmed by the Supreme Court, upon which decree the plaintiffs rely, and because the said Donnells had repeatedly promised to account for said rentals and did not refuse to do so until a short time before the institution of said ejectment suit. It is further alleged that the said Donnells are refusing to yield possession of

said land and are threatening to appeal from the said judgment in said ejectment suit. Plaintiffs state that they have no adequate remedy at law for the wrongs perpetrated against them by the said defendants. Wherefore they pray the court to make such orders and issue such writs of possession as to the court seem necessary to fully execute and carry out the foregoing decree of the circuit court as affirmed by the Supreme Court, and for all other orders and judgments in the premises.

To this petition the Citizens' National Bank filed its answer and admitted that the plaintiffs had commenced and prosecuted their suit against the said Donnells and that the decree as set forth in the petition was duly rendered and was affirmed in the Supreme Court. It admits that Kansas City by eminent domain took that portion of the real estate in controversy in said action, leaving the balance thereof as set forth in plaintiffs' petition, and that in said proceedings there was awarded to the plaintiffs the sum of $16,-150, and the said lands were charged with a benefit of $2,000. Said defendant bank further admitted that it was paid the amount due it as provided by the said decree, and that it retained the $341.29, according to the said stipulation referred to in the petition, and admitted that it had not brought suit to determine the ownership of the said $341.29, because of litigation between the said bank and the said Donnells, which was then pending, and alleged that it had made divers attempts to reach an adjustment with the said Donnells, and alleged that it should not be charged with any interest on the said sum as it had been ready at all times and is now willing to pay said sum in accordance with the decree of this or any other court which might lawfully adjudge the ownership thereof, and asks to be protected by the decree of the court.

The defendants Donnell demurred to said petition,

which demurrer was overruled, and they thereupon
filed their answer, in which they allege that the plain-
tiffs are not entitled to prosecute this suit against them,
first, because it fully appears from the petition that
all the matters complained of have been passed upon
and adjudicated by the circuit court of Jackson county
and the Supreme Court of Missouri in the suit between
the plaintiffs and the defendants in the case which
culminated in the decree copied in plaintiffs' petition,
and all matters herein complained of were either fully
adjudicated and determined in that suit, or should have
been fully determined therein in order that the defend-
ants should not be subjected to a multiplicity of suits
growing out of the same matter. Second, because it
appears from the face of the petition that the plain-
tiffs commenced another action in this court to recover
possession of a part of the said premises, which was
prosecuted to final judgment and appealed to the Su-
preme Court of this State where it is still pending un-
determined, and that the plaintiffs claimed and obtain-
ed judgment therein for rents of the premises in ques-
tion under the decree which was set out in their peti-
tion and that the rents so claimed accrued subsequent
to the time for which the plaintiffs are claiming rents
on said premises and that plaintiffs are estopped from
now claiming the other portion of said rents in this
case and are not entitled to split their alleged cause
of action and subject defendants to a multiplicity of
suits. And defendants plead said prior suit in bar of
any recovery herein. Third, defendants say in regard
to the differences between the defendant bank and
plaintiffs in regard to the sum of money plaintiffs
claim said bank in the condemnation proceedings re-
ceived and retained, these defendants never had any
part in the alleged agreement, and not being parties
to such agreement are not bound thereby in this pro-
ceeding; that the court in which such proceedings of

condemnation were had was the proper tribunal to determine how the fund in court should be paid out; that these defendants and all others interested in said funds were parties to said proceedings and said court had full jurisdiction to determine the differences between all parties claiming said fund; that these defendants have never waived their rights to have said court pass upon the rights which they have to said fund, and they say this court has not jurisdiction to hear and determine the same. Fourth, defendants allege that the plaintiffs did not comply with the terms of the decree set forth in their petition and did not within the time required thereby pay to these defendants or to the defendant bank the money required to redeem said land and said time of payment has never been extended by any act or authority of these defendants and plaintiffs did not repay these defendants the amount of taxes and interest thereon, which were paid by defendants after the rendition of said decree as required by the terms of said decree; that the statement in plaintiffs' petition that defendants had paid no taxes on the property since the judgment was rendered in said decree is not true, and they allege that they have paid large amounts of taxes since that time. Wherefore they say that the plaintiffs are not entitled to prosecute this action and they ask to be discharged with their costs.

The plaintiffs filed a reply wherein they denied all the new matter alleged in the answer and again show to the court that by reason of the condemnation proceedings an agreement was entered into between the plaintiffs and the bank that the said bank should and would take out of the moneys awarded to plaintiffs in said condemnation proceedings, the amount due it by said decree, and would refrain from issuing an execution as allowed by the decree, and allege that under the terms of the decree the plaintiffs were required to deal entirely with the bank in the matter of paying off the

restitution money provided for by said decree and plaintiffs did comply with said decree in all respects, and plaintiffs while not admitting that defendants have paid any taxes on said lands since the date of said decree say that if it is true that defendants have paid any such taxes, plaintiffs are willing that the defendants shall have credit therefor as an offset to the rents which defendants have been collecting and appropriating to their own use on the said land since the date of the said decree.

. The cause was heard at the October term, 1904, of the circuit court of Jackson county and a decree rendered that plaintiffs have and recover of and from the defendants Catherine E. and M. S. C. Donnell $482.-85 on account of rent collected and appropriated by said defendants of and from the house and premises described in plaintiffs' petition, and interest thereon, the said sum being the balance due the plaintiffs after giving the defendants credit for all taxes paid by them on the land described in the petition and all repairs on said house and all other credits to which defendants are entitled, said rents having accrued after the decree which had been rendered by the circuit court and affirmed by the Supreme Court up to the first day of July, 1903. And also that plaintiffs have and recover of the said defendants $262.76, on account of moneys collected by the defendants and appropriated by them for rock quarried by the defendants out of plaintiff's land described in the petition, together with the interest thereon from the first day of May, 1897, making a total of $382.-97, and it was also ordered and decreed that plaintiffs have and recover the $341.29 referred to in the petition as being in the custody of the Citizens' National Bank under the stipulation set forth in the petition, and it is further ordered and decreed that under the decree of the circuit court affirmed by the Supreme Court of Missouri the said Catherine E. and M. S. C. Donnell

have no claims to the lands described in the petition
and under said decree ought not to set up any claim to
the lands or any part thereof adverse to the plaintiffs
and that plaintiffs are entitled to the immediate pos-
session of all of the real estate described in the plain-
tiffs' petition except that part which was condemned
and taken for a public park by Kansas City. It was
further ordered, adjudged and decreed that the defend-
ants Catherine E. and M. S. C. Donnell and all persons
claiming by, through or under them or either of them,
are hereby forever debarred and enjoined from having
or claiming to have any title whatsoever to the real
estate last above described adverse to the plaintiffs,
the children and grandchildren of Jedediah E. McKen-
zie, or their heirs or assigns, and the title to the said last
above-described real estate is forever quieted in the said
McKenzie heirs. It is further decreed that the said
Catherine Donnell and Mack S. C. Donnell deliver im-
mediately possession of the following real estate in
Jackson county described in plaintiffs' petition: "Be-
ginning at the northwest corner of the southeast quar-
ter of section eight, township forty-nine, range thirty-
three, thence running south 440 feet; thence east 196
feet, thence north 440 feet; thence west 196 feet
to the place of beginning." And the writ of pos-
session was awarded to the plaintiffs and against the
said defendants Donnell, and judgment for all the costs
of the suit. A motion for new trial was filed in due
time, heard and overruled, but as no bill of exceptions
was filed in the cause it is apparent that there is noth-
ing before this court for consideration save and except
the record proper.

I. As to the objection that the judgment is erro-
neous because there is no finding of facts, we think it
is without merit. Special finding of facts are not nec-
essary unless requested and there were no requests in
this case. When reference is had to the pleadings in the

case, there is no trouble whatever to ascertain what the court found as a basis of its decree.

II.    As to the insistence that there is another suit pending for a part of the same subject-matter, which suit had been commenced prior to this, we take it that this assignment of error must refer to the ejectment suit against Ising, the tenant of the Donnells. It is plain, we think, that the ejectment suit against Ising constituted no bar whatever for the bill in this case which calls for an accounting for the rents in accordance with the decree of the circuit court, which was affirmed by this court in 151 Mo. 431 to 472. It was specifically alleged in the petition that plaintiffs did not sue for the rents in the Ising case because those rents had been adjudged to the plaintiffs as against these defendants, and defendants required to enter into an accounting with the plaintiffs therefor, and for the further reason that the said Ising was absolutely insolvent and hence the action of ejectment afforded plaintiffs no adequate remedy at law for those rents. In no sense could the judgment in the ejectment suit be regarded under all the facts pleaded in the petition as a bar to the plaintiffs' right to an accounting for the rents by the defendants in accordance with the decree of the circuit court and this court. In order that any matter can be said to have passed *in rem judicatam* it must have been tried and adjudicated by the court; it is clear that no such issue was tendered to the circuit court in the ejectment case and consequently could not have been adjudicated by that court in that case. Moreover, defendants are in error as to the allegation of the petition. The petition does not allege that there is an appeal pending from the judgment in the ejectment case; it simply alleges that the defendants threatened an appeal, which is a very different proposition. The ejectment suit and the judgment therein present no bar to this suit, and besides in no event could plaintiffs

have recovered from Ising the rents and profits for more than a year during which Ising occupied the premises as the tenant of the defendants.

Under this head, we take it there is no contention that so much of this suit as seeks an accounting of and from defendants Donnell for the rents received by them pending their appeal to this court from the judgment of the circuit court of July 15, 1895, which was affirmed by this court July 12, 1899, and for the rock taken from the quarry on said land after said appeal was taken and before it was affirmed, was and is *res judicata,* inasmuch as in the very nature of things said rents had not then accrued and said rock quarried, and therefore could not have been the subject of an accounting, or ascertained so that a judgment could have been rendered therefor. Only the rents accrued and the value of the rock quarried up to the date of that judgment could be and were included in that judgment, and had defendants not appealed and superseded that decree, so much of the present suit as seeks an accounting for the rents subsequent to that decree and the rock quarried since then would have no foundation. In Garland v. Smith, 164 Mo. l. c. 22, it was ruled by this court in Banc that, "Where the subsequent action is upon a different claim, the former judgment only bars those things which were in issue or included in the issue in the former action or suit, nor will the judgment bar another cause which might have been joined with the former cause of action but was not, and if different proofs are required to sustain two actions, the judgment in one is no bar to the other." [Cromwell v. County of Sac, 94 U. S. 351.]

But the defendants insist plaintiffs have split up their action and upon the familiar doctrine that this will not be tolerated they say plaintiffs upon their own petition have no standing in court. As we have already said, plaintiffs included in their first action all

the rents and damages which had accrued up to the date of the judgment, but they did not and could not include rents which must accrue after the decree was entered and pending the appeal. This was no splitting up of a cause of action. It is a suit to enforce the first decree and for an accounting for the rents and rock quarried subsequent to the decree and while the decree was superseded by defendants' appeal bond. [Adams' Equity (8 Ed.), mar. p. 415 and 416; Story's Eq. Pl., sec. 429, and cases cited; O'Hara v. Shepherd, 3 Md. Ch. 306.]

As was said by this court in Baumhoff v. Railroad, 205 Mo. l. c. 262, "the present proceeding is in the nature of an equitable execution issued on the judgment, already determining plaintiff's right." Plaintiffs had obtained a decree quieting their title to the lands in suit and the circuit court had stated and settled an account up to the date of the decree, including rents and rock quarried to that date, but defendants appealed and gave bond and remained in possession. Obviously plaintiffs recovered nothing for these subsequent rents and for the rock afterwards quarried. When plaintiffs asked for an accounting as to these and for possession of their lands they were met by defendants Donnells' refusal to account, and claim that plaintiffs had forfeited all the benefits of their decree by their failure to pay the balance which the court had decreed as a lien on the land to the bank in the time fixed by this court. The contention of defendants that plaintiffs show no equity in their bill because they did not pay the bank the amount fixed in the decree can avail them nothing, because the revesting of the title to their lands in plaintiffs was absolute and not conditional upon their raising the balance. The bank was simply given the right to issue an execution if not paid in the time specified, and defendants had nothing to do with that pay-

208 Sup—5

ment. By the decree plaintiffs were required to satisfy the bank and not the defendants Donnell. In their present suit they show they have entirely liquidated every claim held by the bank. The doctrine of strict foreclosure has nothing to do with the matter.

The decree finds ample basis in the pleadings and the bill brings the case within the jurisdiction of a court of chancery. The decree of the circuit court is in all things affirmed.

*Fox, P. J.,* and *Burgess, J.,* concur.