**Helen SMITH and Roy E. Hackleman, Plaintiffs-Respondents,**

**v.**

**Robert G. HACKLEMAN, Defendant-Appellant, and Gertrude H. Richards, Defendant.**

**No. 9079.**

Springfield Court of Appeals, Missouri.

April 1, 1971.

Motion for Rehearing or to Transfer to the Supreme Court Denied April 27, 1971.

**62**

Roy, Robert, Gertrude and Billie) as tenants in common. Two years thereafter Helen and Roy brought a partition suit in which the other three tenants in common were named defendants. Civil Rule 96.01 et seq., V.A.M.R.; § 528.010 et seq., RSMo 1959, V.A.M.S. Partition was decreed, the property was sold on November 11, 1968, and final judgment was entered December 6, 1968.[1] Helen and Roy, as plaintiffs, instituted the present action on April 24, 1969, against Robert and Gertrude, as defendants, seeking an accounting of the rents and profits the defendants allegedly had collected on the partitioned property from third persons during the period the parties were tenants in common. Billie, a nonresident of Missouri, was not a party to the accounting suit and Gertrude was later absolved of all liability. The trial court entered judgment requiring defendant Robert to pay $512.12 to each plaintiff, which sum represented one-fifth of the rents and profits the court believed Robert had received. In this appeal by defendant Robert he contends inter alia, as he has continuously from the inception of the case, that when plaintiffs brought the partition suit without demanding an accounting, they split their cause of action and the final judgment in partition is res judicata to bar the present cause.

Appellant relies upon Dunn v. Pickard, Mo.App., 284 S.W.2d 6, to sustain his contention. This reported case may better be understood through a combined narration of the facts therein with those pertinent to its companion, Ott v. Pickard, 361 Mo. 823, 237 S.W.2d 109. Francis Wilson died testate in 1916 leaving five children. To his daughter, Annie, he devised the disputed property for life "and at her death to descend to and become the property of her blood heirs in fee simple." Annie married Ott in 1917 and in 1918

Robert F. Middleton, Ewing, Ewing, Carter, Wight, Woodfill & Middleton, Nevada, for plaintiffs-respondents.

John M. Belisle, Osceola, for defendant-appellant.

TITUS, Presiding Justice.

Shortly before he died on September 12, 1966, Otis Hackleman conveyed certain real estate to his five children (Helen,

---

1. Although a court has jurisdiction on partition to compel an accounting between cotenants for accrued rents and profits (Richardson v. Kuhlmyer, Mo., 250 S.W.2d 355, 361(11); Lease v. Bratton, Mo., 293 S.W. 140, 141(3); Barnard v. Keathley, 230 Mo. 209, 235, 130 S.W. 306, 314(18); 4 Thompson on Real Property § 1829, pp. 316-327; 68 C.J.S. Partition § 138 a., pp. 216-217), no such accounting was asked for or given in the partition suit.

her four brothers and sisters gave her a quitclaim deed to the property which provided that the deed was "made to clear title to the above described lands owned jointly by grantors and grantee." Annie died in October 1948 without issue and her surviving four brothers and sisters, in the mistaken belief they then owned the property, conveyed it to John and Etta Pickard who apparently obtained the rents and profits therefrom during the years of 1949 and 1950. In the meantime Ott, as surviving widower, elected to take one-half of Annie's estate subject to debts and, at sometime not disclosed by the opinion but after the rents in question had been collected, filed suit against the Pickards and Annie's brothers and sisters in two counts; the first to try and determine title to the property and the second for partition. No claim for an accounting of the rents and profits was stated in the petition. In an opinion filed February 12, 1951, the Supreme Court held in Ott v. Pickard, supra, 237 S.W.2d at 112(8), that the 1918 quitclaim deed had effectively transferred to Annie the existing as well as the after-acquired interests of her brothers and sisters in the property. Ott expired and the administratrix of his estate, Dunn, filed suit against the Pickards and Annie's siblings for an accounting of the rents and profits that had been derived from the property in 1949 and 1950. In a November 1955 opinion, the Kansas City Court of Appeals ruled in Dunn v. Pickard, supra, 284 S.W.2d at 10(8), that Ott's failure to include his claim for *"accrued* rents and profits"[2] in Ott v. Pickard constituted "a splitting of the plaintiff's cause of action, [and that] the final judgment in [Ott v. Pickard] is res judicata, barring the present action." We believe the facts in Dunn parallel those in the instant case and that its ruling is controlling here.

In an effort to extricate themselves from the predicament presented by the last mentioned authority, plaintiffs represent that "[t]he Dunn case really hinges on a theory of waiver," but it seems abundantly clear, at least to us, that the defense of waiver was rejected by the court and held to be inapplicable. Dunn v. Pickard, supra, 284 S.W.2d at 9(1–3). Contrary to plaintiffs' repeated assertions that the Dunn case "has never been cited," we find it listed in three opinions.[3] However, if plaintiffs mean the case has never been cited to the exact point which concerns us now, they are correct insofar as our research has revealed.

Plaintiffs' brief attributes to Jeffress v. Piatt, Mo., 370 S.W.2d 383, 386(4), "a direct statement that accounting will lie, either at the same time, or following the partition suit." Jeffress did not deal with our particular problem because the defendants in that partition suit had filed a counterclaim for an accounting and the splitting of a cause of action was not an issue. The "direct statement" in Jeffress to which plaintiffs allude is a quotation of Bates v. Hamilton, 144 Mo. 1, 13, 45 S.W. 641, 643, which reads that "where neither [tenant in common] occupies the property for his own use and one rents it * * * to third persons and collects the rents, * * * the rule is [that] an accounting may be had in a suit for partition if there is anything due at the time that suit is begun and such relief is asked at that time, or a suit in equity for an accounting will lie after the termination of the partition suit." In deference to the able abilities of the author of Jeffress, it is only fair to observe that the quote from Bates in Jeffress was obviously intended as authority for the right of a pro tanto ousted tenant in common to maintain an account-

2. All emphasis herein is ours.

3. It is cited anent waiver in Kansas State Bank v. Storms, Mo.App., 382 S.W.2d 805, 811, and Pasley v. Marshall, Mo. App., 305 S.W.2d 879, 882. In Lee v.

Guettler, Mo., 391 S.W.2d 311, 312, Dunn is cited as being a case "concerning two claims arising out of a single occurrence separately commenced by the same single plaintiff."

ing claim for rents and profits, and was not designed as a declaration that an accounting action for rents and profits due and ascertainable at partition could be independently claimed in a separate action between the same parties subsequent to the final partition judgment. To better comprehend Bates v. Hamilton in relation to the issue at hand, it is well to note that in the initial action in Bates, a partition suit, plaintiffs' title was denied by the trial court and was not established until five years later when the judgment nisi was reversed; the rents and profits claimed by plaintiffs in the subsequent accounting action were those that had been collected by their cotenant while the partition case was pending on appeal and were not, therefore, in esse or ascertainable when the partition suit was determined by the circuit court. A somewhat similar situation is reported in McKenzie v. Donnell, 208 Mo. 46, 64–65, 106 S.W. 40, 46(2–3), wherein it was said that "plaintiffs included in their first action all the rents and damages which had accrued up to the date of the judgment, but they did not and could not include rents which must accrue after the decree was entered and pending the appeal. This was no splitting up of a cause of action." A judgment for partition and an order of sale are interlocutory [Hiatt v. Hiatt, Mo.App., 188 S.W.2d 863, 865(4)], and if such relief is prayed, a court may contemporaneously with or while it still has jurisdiction after said interlocutory judgment and order, "take an account of the mesne rents and profits *in perception* by one tenant in common to the exclusion of the other, and * * * declare a charge in favor of such ousted co-tenant for the amount of his share of such rents and profits * * * to be paid out of the proceeds of the sale of the property in partition, before division thereof is made between the co-tenants according to their respective rights and interests in the premises. * * * 'When a court * * * once acquires jurisdiction it will not relax its grasp upon the res until it shall have avoided a multiplicity of suits by doing full, adequate, and complete justice.'" Holloway v. Holloway, 97 Mo. 628, 639–640, 11 S.W. 233, 235, 10 Am.St.Rep. 339.

This may be an oversimplified explanation and reconciliation of the foregoing authorities, but we believe that when they are viewed in the light of the applicable facts, the pronouncements and holdings may be summarized as follows: if at the time of partition the rents and profits in dispute have not accrued, are not in perception and are not ascertainable, the law does not require the impossible (lex non cogit ad impossibilia) and will permit an action in accounting to be maintained after termination of the partition suit. 86 C.J.S. Tenancy in Common § 78, at p. 470; 1 C.J.S. Actions § 102 f(1), pp. 1310–1311. However, if the rents and profits have "accrued" or "if there is anything due," or if there be "rents and profits in perception" at the time of partition, then a claim for accounting of such rents and profits must be made in the partition suit if the claimant is to avoid splitting his cause of action and having a subsequent and separate action for an accounting barred under the doctrine of res judicata. Dunn v. Pickard, supra, 284 S.W.2d at 10(8).

It follows from the foregoing that the judgment of the trial court should be reversed and the cause remanded with directions to enter a judgment for defendant-appellant in conformity with this opinion. It is so ordered.

STONE and HOGAN, JJ., concur.