CAMPER DISTRIBUTORS, INC.,
Plaintiff-Appellant,

v.

Quinten SMYSER and Martha Smyser,
Defendants-Respondent.

No. 32340.

Missouri Court of Appeals,
Western District.

April 6, 1982.

Clifford B. Mayberry, Kirksville, for plaintiff-appellant.

Quinten Smyser, pro se.

Before NUGENT, P. J., and TURNAGE and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

This is an appeal by plaintiff-Camper Distributors, Inc. from a judgment of the trial court sustaining defendants-respondents' motion for summary judgment. The judgment of the trial court is reversed.

Plaintiff is a recreational vehicle distributor in Kirksville, Missouri. On September 29, 1978, plaintiff's sales agent entered into an agreement whereby plaintiff would sell a 1975 Winnebago motor home to defendants and take a recreational vehicle of defendants' in trade. The parties then executed a motor vehicle installment contract and defendants executed a security agreement. The latter agreement provided that defendants-Smysers would be credited with $8,000.00 toward the Winnebago's $14,-903.60 purchase price as trade-in value on their used recreational vehicle, leaving a principal balance of $4,500.00 plus insurance and finance charges of $2,403.60 still owing. This agreement further provided that the balance was to be paid in five yearly installments, the first payment becoming due on September 29, 1979, and all payments accelerating if defendants became delinquent on any payment. Plaintiff delivered possession of the Winnebago to defendants the

day after· the security agreement was signed.

At the time of the security agreement, plaintiff had not seen defendants' trade-in trailer, but relied entirely on their representations as to its value. When defendants brought in the trade-in, plaintiff claimed that defendants had misrepresented its condition and value. Plaintiff filed suit on January 16, 1979, seeking damages for Breach of Express Warranty and to rescind its contract with defendants because of defendants' misrepresentations. Trial of plaintiff's suit on July 30, 1979, resulted in a jury verdict in favor of defendants. At this point, some 61 days remained before the first installment was due.

On September 29, 1979, defendants failed to make their first payment due on the agreement. Defendants have made no payments since, yet still have possession of the vehicle. On July 1, 1980, plaintiff filed suit in three counts: the first in replevin seeking to recover the Winnebago; the second in breach of contract seeking the outstanding balance on the note plus interest; and the third in quantum meruit. Defendants then filed their Motion For Summary Judgment, alleging that the earlier judgment in plaintiff's recission action was "res judicata and constituted a collateral estoppel to this action." The trial court granted defendants' motion and plaintiff appeals.

The sole question on this appeal is whether the prior judgment adverse to plaintiff on the question of recission is res judicata and precludes plaintiff's subsequent action for replevin or damages following a default on the contract. Plaintiff correctly contends that the trial court's decision here would "require plaintiff to live up to the terms of the original contrac- but then he precluded from recovering the consideration for the performance." The trial court's ruling here effectively allows defendant to receive the Winnebago without ever making a single payment on the balance due under the contract.

The trial judge's determination would in effect bar the seller from ever recovering the money consideration to which it was due because it did not sue for default on an obligation not yet due or accrued at the time of its first action for recission. The trial court's reliance on *Gerhardt v. Miller,* 532 S.W.2d 852 (Mo.App.1975), is not correct under either the doctrine of res judicata or collateral estoppel as contemplated in that decision. *Id.* at 854. *See also Oates v. Safeco Insurance Company of America,* 583 S.W.2d 713, 719 (Mo. banc 1979). The *Gerhardt* case devolved down to whether or not an "ultimate issue" (collateral estoppel) had been decided in an earlier suit. In this case, the "ultimate issue" of default by defendants was not or could not have been addressed in the earlier suit.

Applicable here in *Castle v. Tracy,* 463 S.W.2d 777, 780 (Mo.1971), wherein the court stated as follows concerning the rule of res judicata:

"Under the rule that where two actions are on the same cause of action, the earlier judgment is conclusive not only as to matters actually determined in the prior action, but also as to other matters which could properly have been raised and determined therein, it is not essential that the matter should have been formally put in issue in the former litigation, but it is sufficient that the status of the action was such that the parties might have had the matter disposed of on its merits. *On the other hand, the established rule that where a second action is upon a different claim,* demand or cause of action, *the judgment in the first action does not operate as an estoppel as to matters not litigated in the former action, is particularly applicable where the issue involved in the later action was not subject to litigation in the prior action,* either because of the nature of the prior action, or *because of the nonexistence then of the matter involved,* or because the matter was not within the issues as they were made or tendered by the pleadings in the prior action. The doctrine of res judicata does not extend to matter which might have been litigated by additional allegations or pleadings." 46 Am.Jur.2d Judgments, § 420, pp. 589–590 (Emphasis added.)

Analogous facts to those here were present in *Smith v. Hackleman*, 467 S.W.2d 61 (Mo.App.1971). In *Smith*, plaintiffs brought a partition suit against three tenants in common, partition was decreed, and the property was sold. Plaintiffs then brought an action seeking an accounting of the rents and profits the defendants allegedly had collected on the partitioned property from third persons during the period the parties were tenants in common. The trial court entered judgment for plaintiffs. One of the defendants appealed, contending that when plaintiffs brought their partition suit and did not demand an accounting they had impermissibly split their cause of action, and that the final judgment in the partition action was res judicata to bar the second action. The appellate court disagreed, stating that "if at the time of partition the rents and profits in dispute have not accrued, are not in perception and are not ascertainable, the law does not require the impossible . . . and will permit an action and accounting to be maintained after the termination of the partition suit." *Id.* at 64.

The same principle is applicable in the instant case. When plaintiff brought its recission action, no payments were yet due and payable on the security agreement. The issue of nonpayment on the security agreement was "not subject to litigation in the prior action . . . because of a non-existence then of the matter involved." *Castle v. Tracy, supra.* The present cause of action was separate and distinct from the judgment in the prior case and no ultimate issue was or would have been addressed in the prior case which could bar this action.

The judgment of the trial court is reversed and the cause remanded.

All concur.