LINDELL REAL ESTATE COMPANY v. LINDELL *et al.*, *Appellants.*

Division Two, March 17, 1896.

1. **Fraudulent Conveyance**: EXECUTION SALE: JURISDICTION. A purchaser at an execution sale of lands situated in different counties is not required to bring suit in more than one county to set aside the execution debtor's conveyance because made in fraud of creditors.

2. ——: ——: ——: WAIVER. Where, too, in such case the defendant answers and defends the suit without raising any question of jurisdiction it will be deemed waived.

3. ——: ——: INNOCENT PURCHASER. The fact that a purchaser at an execution sale had knowledge of a prior unrecorded deed does not preclude his grantee from being an innocent purchaser.

4. **Equity**: DIVESTING TITLE: DECREE. A decree vesting title out of the defendants, *held* to be in effect a decree declaring a declaration of trust void.

5. **Partition**: LIMITATION: STATUTE. An action for partition is not one for the recovery of lands within Revised Statutes, 1889, section 6764, providing that no action for such recovery shall be maintained unless plaintiff or the person under whom he claims was possessed of the premises within ten years before the commencement of the action.

*Appeal from St. Louis County Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

*Clopton & Trembley* for appellants.

At the date of the filing of this suit, the legal title to the property in dispute was in Jessie G. L. Antisdel, unless it had been divested by the decree in the circuit court of the city of St. Louis. The sale by the sheriff of St. Louis county did not affect her legal title; for the judgment was against John Baker. The decrees in the cases of Lionberger *v.* John Baker *et al.*, and Lionberger *v.* Pollard *et al.*, affected only the property lying in the city of St. Louis. The bills in the cases were not general creditors' bills, but bills brought by Lionberger (for the benefit of Davis) to set aside certain deeds and vest the title to property lying in the city of St. Louis in him, he having been the purchaser thereof at sheriff's sales. *Watkins v. Holman*, 16 Peters, 25; 1 Pomeroy's Eq. [2 Ed.] 134; *Hart v. Sansom*, 110 U. S. 154; *Ensworth v. Holly*, 33 Mo. 370; *Fields v. Maloney*, 78 Mo. 172; *Munday v. Vail*, 43 N. J. L. 418; 1 Freeman on Judgments, sec. 120; *Wimer v. Wimer*, 82 Va. 901; *Lindley v. O'Reilly*, 50 N. J. 642; *Fithian v. Marks*, 43 Mo. 502; *Bray v. Marshall*, 66 Mo. 122; *Kring v. Porter*, 77 N. C. 25.

*Boyle, Priest & Lehmann* for respondent.

(1) The two judgments of the circuit court of the city of St. Louis whereby the instruments under which appellants claim title were adjudged fraudulent and void as against the judgment of the Fourth National Bank, are conclusive upon the parties and their privies in any court or cause of action where the same issue is presented. Freeman on Judgments, sec. 253; *McCamment v. Patterson*, 39 Mo. 100; *Buchanan v. Smith*, 75 Mo. 463; *Shirley v. Fearne*, 33 Miss. 653; *Hanna v. Reed*, 102 Ill. 596; *Johnson v. Gibson*, 116 Ill. 294;

*Lawrence v. Milwaukee,* 45 Wis. 306; *Tadlock v. Eccles,* 20 Tex. 782; *Hollister v. Abbott,* 31 N. H. 442; *Yates v. Yates,* 81 N. C. 397. (2) A purchaser at a sale under execution acquires all the right, title, and estate of the judgment creditor, and succeeds to the same right to challenge a prior conveyance of the debtor on the ground of fraud as against such creditor. Freeman on Executions, sec. 335; *Ryland v. Callison,* 54 Mo. 513; *Gentry v. Robinson,* 55 Mo. 260; *Matson v. Capelle,* 62 Mo. 235; *Rogers v. Tucker,* 70 Mo. 457; *Shirley v. Fearne,* 33 Miss. 653. (3) The circuit court of the city of St. Louis had jurisdiction in the suits of Lionberger *v.* Baker *et al.,* and Lionberger *v.* Pollard *et al.,* to divest title to land in the county as well as in the city of St. Louis. R. S. 1889, sec. 2011. The testimony shows that part of the land included in the decrees rendered in those suits was actually located in the county and is the land now sought to be partitioned. Moreover, whether there was such jurisdiction to divest title should have been questioned in those suits. *Chouteau v. Allen,* 70 Mo. 290 (p. 353). (4) The statute of limitations has no application to the case at bar. It applies to actions for the "recovery" of lands or possession. R. S. 1889, sec. 6764. Moreover, it does not exclude matters of defense. *Nichol v. Tinsley,* 69 Mo. 442; *Sebree v. Patterson,* 92 Mo. 451. (5) A purchaser at execution sale is a purchaser from the judgment debtor within the meaning of the recording acts of the state and is protected to the same extent as other purchasers against prior unrecorded conveyances. *Draper v. Bryson,* 26 Mo. 108; *Vance v. Corrigan,* 78 Mo. 94. And a purchaser without notice from a person having notice of an unrecorded conveyance prior to his own, is protected by the recording acts. Freeman on Executions, sec. 336; *Lee v. Cato,* 27 Ga. 637; *Chouteau v. Jones,* 11 Ill. 300; *Morse v. Cuntis,* 140 Mass.

112.   (6)   In suits for partition the finding of the trial court on disputed questions of fact concerning the title will not be set aside on appeal.   *Earl v. Hart*, 89 Mo. 263.

BURGESS, J.—This is an action for the partition of certain lands in St. Louis county.   From the judgment rendered, Mrs. J. G. Antisdel, whose husband is joined with her as a matter of form, she being the real party in interest, appealed.

Mrs. Antisdel claims title to two one thirty-sixths of the land, which were adjudged by the trial court to belong to plaintiff.

As to one of the interests in question both plaintiff and defendant claim title under John Baker, deceased, who was the father of Mrs. Antisdel.   Her claim to this interest is under a deed from her father, dated July 19, 1878, and recorded in the recorder's office of the city of St. Louis.   This deed was never recorded in St. Louis county where the land lies.

The claim of Mrs. Antisdel to the other one thirty-sixth interest is as the sole and only heir of her deceased mother, Mrs. Thomasine H. E. Baker, from whom she claims to have derived the title as follows:

*First.* By deed from John D. Davis to Garland Pollard, dated January 22, 1879, and recorded in the city of St. Louis.   This deed was never recorded in the county of St. Louis.

*Second.* An agreement between John Baker and John D. Davis, as follows:

"Memorandum of agreement between John Baker of the first part and John D. Davis of the second part, entered into for the purpose of settling and adjusting all differences growing out of a transfer by Robert Baker to the party of the first part of his interest in the estate of Jesse G. Lindell, deceased, and of certain

suits pending in relation to and growing out of said transfer.

"1. The party of the first part is to obtain a conveyance from Wilfred W. Wiggins and wife by quitclaim deed of all the right and title which he acquired in the estate of Jesse G. Lindell, deceased, by and from said John Baker, of record in the recorder's office for the city of St. Louis, in book 574, page 79, the same to be conveyed to the party of the second part, the party of the first part to release all incumbrances on the same.

"2. The party of the second part and wife to convey by quitclaim to the party of the first part or to such person as he may designate, one undivided half of the said interest of Robert Baker in the estate of Jesse G. Lindell, excepting the interest in the property on Franklin avenue, now occupied and leased by the firm of George P. Plant & Company, being tract number 11, mentioned in said deed from Robert Baker to John Baker, and having a front of seventy-five feet on the north side of Franklin avenue, between Fifth and Sixth streets, in city block 138.

"3. The suit of Chadwick v. John Baker, as garnishee, pending in circuit court room number 5, to be dismissed by plaintiff, defendant waiving allowance of garnishee fee. The suit of Robert Baker, plaintiff in error, v. E. G. Chadwick, defendant in error, pending in court of appeals, to be affirmed or otherwise disposed of in such manner and at such time as may be thought advisable by said John D. Davis.

"The suit of John D. Davis v. John Baker, Robert Baker, Sanguinette, W. W. Wiggins, to be dismissed by plaintiff on request of the party of the first part, said cause being in St. Louis circuit court.

"4. The judgment in the case of E. G. Chadwick v. Robert Baker, in the circuit court, is not to be used

in any manner to disturb or interfere with the lands to be conveyed by the party of the second part, as herein provided, or any interest or title therein.

"5. The conveyance herein provided for to be executed as soon as practicable, and the suits above mentioned are to remain as they now stand until the conveyances are executed and delivered, December 27, 1878.

(Signed)            "JOHN BAKER.

                   "JOHN D. DAVIS."

*Third.* A "Declaration of Trust," made by Garland Pollard, bearing date November 1, 1879, which reads as follows:

"Whereas, John D. Davis and wife, of the city of St. Louis, and state of Missouri, by their deed of January 22, 1879, recorded in the recorder's office of the city of St. Louis, in book number 621, page 157, conveyed to the undersigned, Garland Pollard, of the city of St. Louis, an undivided one eighteenth part of an undivided one half of the real estate devised by the late will and testament of Jesse G. Lindell, deceased, being one undivided one half of the right, title, and interest acquired by Robert Baker in and to the estate of Jesse G. Lindell by his said will.

"Now, therefore, these presents witness: That I hold the property conveyed by said deed for the uses and purposes following: that is to say, I am to hold the same until the death of Mrs. Jemima Lindell, who has a life estate therein (unless it should be deemed advisable to dispose of the same before that time); upon her death I am to sell said property to the best advantage and dispose of the proceeds of the sale as follows:

"*First.* Pay the costs and expenses of executing this trust.

"*Second.* Pay to the undersigned the sum of five hundred and seventy-five dollars ($575), with interest from date at the rate of eight per cent per annum.

"*Third.* Pay to Mrs. Thomasine H. E. Baker the sum of seven thousand, four hundred and twenty-five ($7,425) dollars, with interest from date at the rate of eight per cent.

"*Fourth.* Pay the undersigned the sum of twelve hundred and twenty-six ($1,226.60) dollars and sixty cents, with interest from date at the rate of eight per cent.

"*Fifth.* Pay the balance to Mrs. Mary A. Baker.

"Witness my hand and seal this first day of November, 1879.

(Signed)                    "GARLAND POLLARD."

Neither said "agreement" nor the "declaration of trust" were ever recorded in the county or city of St. Louis.

Plaintiff claims to have acquired the title to said two thirty-sixth interests, and in support of that contention read in evidence:

*First.* A deed from John Baker by the sheriff of St. Louis county to John D. Davis, dated January 26, 1884, conveying all the right, title, interest, and estate of said Baker in the land in question, made pursuant to a sale under execution issued upon a judgment rendered in the circuit court of the city of St. Louis on January 7, 1879, in favor of the Fourth National Bank of said city and against said John Baker.

*Second.* A deed from John D. Davis and wife to John R. Lionberger, dated May 11, 1891, and recorded in the county of St. Louis.

*Third.* Deed from John R. Lionberger to Lindell Real Estate Company, dated May 12, 1891, and recorded in St. Louis county.

*Fourth.* Deed from John Baker by sheriff of the city of St. Louis, to John R. Lionberger, dated December 18, 1880, made pursuant to sale under execution issued upon the same judgment heretofore referred to,

rendered by the circuit court of the city of St. Louis, on January 7, 1879, against John Baker and in favor of the Fourth National Bank of St. Louis.

*Fifth.* Decree of the circuit court of the city of St. Louis rendered October 11, 1882, in the case of John R. Lionberger against John Baker and defendants, Mrs. Antisdel and her husband, whereby the deed hereinbefore mentioned from John Baker to his daughter, Jessie G. L. Baker (now Mrs. Antisdel), dated July 19, 1878, and which deed constitutes the basis for Mrs. Antisdel's claim to one of the two thirty-sixths in controversy, was held by the court to be fraudulent and void as against the judgment of the Fourth National Bank of St. Louis against John Baker; said judgment in favor of the Fourth National Bank being the same judgment upon which an execution was issued to the sheriff of the city of St. Louis and another to the sheriff of the county of St. Louis, Lionberger being the purchaser of the land sold under the first of these executions, and Davis becoming the purchaser of the land in controversy sold under the latter execution.

*Sixth.* Decree of the circuit court of the city of St. Louis rendered November 28, 1881, in the case of John R. Lionberger against Garland Pollard, John Baker, Thomasine H. E. Baker, Robert Baker, Mary A. Baker, and Provident Savings Institution, whereby the deed from John D. Davis to Garland Pollard, dated January 22, 1879, hereinbefore mentioned as forming a link in Mrs. Antisdel's claim of title to one of the thirty-sixth interests, was held to be a secret trust for the benefit of the said John Baker; and the "declaration of trust" hereinbefore mentioned, made by Garland Pollard on November 1, 1879, and on which Mrs. Antisdel depends to support her claim of title to this one thirty-sixth, was held by the court to be fraudulent and void as against the judgment above mentioned of the Fourth

National Bank of St. Louis against said John Baker..

*Seventh.* Plaintiff also put in evidence two deeds from John R. Lionberger to John D. Davis, one being dated June 5, 1883, recorded both in the city and county of St. Louis; and the other bearing date February 10, 1882, also recorded in both the city and county of St. Louis, the former being for the one thirty-sixth confirmed to the said Lionberger under the above mentioned decree of the circuit court rendered October 11, 1882, and the latter for the one thirty-sixth confirmed to said Lionberger under the above mentioned decree of the circuit court rendered November 28, 1881.

I.    At the time of the rendition of the decree in the suit of Lionberger *v.* John Baker, Mrs. Antisdel, and others, Lionberger had not acquired any interest in the land by purchase or otherwise, as all the land that he bought was at sheriff's sale by the sheriff of the city of St. Louis, and although the land in controversy was sold by the sheriff at that sale, was correctly described and deeded by him to Lionberger, it was without the city, in the county of St. Louis, and, of course, the deed passed no title either legal or equitable.

It is, therefore, insisted by Mrs. Antisdel that as the petition in that suit alleged that Lionberger was a purchaser of certain property in the city of St. Louis owned by said Baker, which he had conveyed to her for the purpose of defrauding his creditors, and praying that said conveyance be set aside, that, as the land did not lie in the city of St. Louis, where the decree was rendered, but was in the county of St. Louis, and although correctly described in the petition, and decree of the court, being out of the jurisdiction of the court, her title to said interest was not affected by that decree.

We do not understand that a judgment creditor, or other person who acquires title to lands of the judgment debtor situated in different counties of the state,

by purchase at sheriff's sale made under executions issued on such judgment, who seeks to set aside a conveyance of such lands made by such debtor to a single person on the ground that the conveyance was made for the purpose and intent to defraud the creditors of the judgment debtor, must bring a separate suit in each county where some part of the land may lie. The suit in such case is for the purpose of setting aside but an instrument by which different tracts of land located in different counties, or, as in the case at bar, in the city of St. Louis and the county of St. Louis.

But let us consider the case with respect to the *title* to the land and the power of the court to divest it out of Mrs. Antisdel, and invest it in Lionberger, the plaintiff in that suit.

Mrs. Antisdel and husband were made parties defendants to that suit, the court was of general jurisdiction proceeding according to the course of the common law; they filed their answer to the petition of plaintiff, and defended the suit, thereby submitting to the jurisdiction of the court, without raising any objection to its jurisdiction over the subject-matter of controversy and must be held to have waived that question. *Chouteau v. Allen*, 70 Mo. 290. The case of *Fields v. Maloney*, 78 Mo. 172, relied upon by Mrs. Antisdel as announcing a different rule, was overruled by *Stearns v. Railroad*, 94 Mo. 317. See, also, *Hughes v. McDivitt*, 102 Mo. 77; *Spurlock v. Railroad*, 104 Mo. 658.

The deed from John Baker to his daughter, now Mrs. Antisdel, was directly adjudicated upon in the *Lionberger* case with all the parties thereto before the court, whose judgment and decree with respect thereto in its entire scope is binding on all parties and their privies until set aside or reversed, and this, too, although Lionberger had never acquired any interest in the land prior to the institution of the suit by pur-

chase under execution against John Baker. The judgment was at most only irregular under the circumstances and not the subject of collateral attack.

In *Hope v. Blair*, 105 Mo. 85, it is said: "When the court has cognizance of the controversy, as it appears from the pleadings, and has the parties before it, then the judgment or order, which is authorized by the pleadings, however erroneous, irregular, or informal it may be, is valid until set aside or reversed upon appeal or writ of error. This doctrine is founded upon reason and the 'soundest principles of public policy.'" The court then copies with approval the following from the opinion of the court in *Lancaster v. Wilson*, 27 Gratt. 624: "It is one which has been adopted in the interest of the peace of society, and the permanent security of titles. If after the rendition of a judgment by a court of competent jurisdiction, and after the period has elapsed when it becomes irreversible for error, another court may in another suit inquire into the irregularities or errors in such judgment, there would be no end to litigation, and no fixed established rights."

If, however, there exists a doubt as to this proposition it would seem to be dispelled by section 2011, Revised Statutes, 1889, which provides that suits whereby the title to real estate may be affected, shall be brought in the county in which such real estate or some part thereof is situate. The parties having appeared and defended the *Lionberger* suit in regard to this land, that court acquired the same jurisdiction over them and the land as if the suit had been brought in St. Louis county.

A still further answer to the claim of title by Mrs. Antisdel, is the sale of the land by the sheriff of St. Louis county under execution issued on the Lionberger judgment against John Baker, her father; the purchase

thereof by John D. Davis at such sale, and the execution of the deed by said sheriff to him conveying all the interest of Baker in said land. Her deed from her father had never been recorded in that county, and, notwithstanding Davis had actual notice at the time of his purchase of the existence of her deed, there was no evidence tending to show that plaintiff had any knowledge of her deed at the time it acquired the Davis title. It follows that plaintiff, being an innocent purchaser, thus acquired the title which plaintiff claims, if in fact it had not already done so before.

We are unable to see how the failure of Lionberger to cause a copy of the decree in the case of Lionberger v. Baker, Mrs. Antisdel *et al.* to be recorded in the office of the recorder of the county of St. Louis, within eight months after it was rendered, as required by section 6041, Revised Statutes, 1889, can affect this case, as the only consequence of failure to do so, as provided by that section, is that if "such judgment or decree be not so recorded, it shall not be valid, except between the parties thereto and such as have actual notice thereof." No innocent purchaser is complaining, and surely parties to the decree can not.

It follows from what has been said that the court correctly held the title to this interest to be in plaintiff.

II. The claim made by Mrs. Antisdel to the other one thirty-sixth interest is as the sole heir of her deceased mother, Mrs. Thomasine H. E. Baker, whose right is alleged to have been created under and by virtue of the "declaration of trust," made by Garland Pollard, as hereinbefore stated. This interest originally formed part of the one eighteenth or two thirty-sixths interest devised by Jesse G. Lindell to Robert Baker, and by him conveyed to John Baker. John Baker thereafter conveyed to Wiggins, who reconveyed by deed of trust

to John, to secure the payment of the purchase money.

Plaintiff claims that the declaration of trust is fraudulent and void as against its title to this interest, which it acquired under the judgment of the Fourth National Bank against John Baker, under which two executions issued, one to the sheriff of the city of St. Louis, and the other to the sheriff of the county of St. Louis, Lionberger becoming the purchaser of the property in the city, and Davis of the property in the county; the latter however after the institution of the suit by Lionberger. Plaintiff subsequently acquired by warranty deed both these titles, as it claims, without actual or constructive notice of the declaration of trust.

As the declaration of trust had not been recorded plaintiff did not have constructive notice of its existence, was an innocent purchaser, and acquired the title unless it had actual notice of said declaration of trust. But Mrs. Antisdel argues that plaintiff did have actual notice for at the time Davis purchased the property at the sheriff's sale in St. Louis, he had knowledge of the existence of his own deed to Pollard, and of Pollard's declaration of trust. Conceding that Davis did have notice, how can such notice affect the decree in the case of John R. Lionberger v. Pollard, John Baker, Mrs. Thomasine H. E. Baker, et al.? Mrs. Antisdel claims under her deceased mother, Mrs. Thomasine H. E. Baker, and the decree is equally binding on her, as it was on her mother.

The decree, after stating that the court finds the issues joined in favor of plaintiff, proceeds as follows:

"And it is further ordered and decreed that the said defendants, Garland Pollard, John Baker and Thomasine H. E. Baker, his wife, Robert Baker and Mary A. Baker, his wife, and the Provident Savings Institution, be and they are hereby *divested* of all title

to the property situated in the city of St. Louis, state of Missouri, and described in plaintiff's amended petition as follows." It then describes the land in question, but locates it in the city of St. Louis, while it lies in the county of St. Louis.

It will be observed that while the decree divests the title out of the defendant, it does not in express terms invest it in plaintiff. The manifest purpose of the suit was to have the declaration of trust declared to be fraudulent and void, and the title invested in Lionberger, the plaintiff in that suit, and such we think in effect the decree. But whether this be correct or not, as the title was by the decree divested out of defendants its effect was to declare the declaration of trust to be void, and it must follow, that John D. Davis acquired the title by virtue of the sheriff's deed of St. Louis county, under sale made by said sheriff on execution issued under the Lionberger judgment, and as plaintiff acquired the Davis title without notice of the declaration of trust before institution of this suit, it then held the legal title to the interest in question.

Moreover, what was said as to the binding force and effect of the judgment in the case of Lionberger *v.* John Baker *et al.*, on the parties thereto and their privies, applies for like reasons to the case of Lionberger *v.* Pollard and others, and their privies.

III.   With respect to section 6764, Revised Statutes, which provides that, "no action for the recovery of any lands, tenements, or hereditaments, or for the recovery of the possession thereof, shall be commenced, had, or maintained by any person,   *   *   *   unless it appear that the plaintiff, his ancestor, predecessor, grantor, or other person under whom he claims was seized or possessed of the premises in question, within ten years before the commencement of such action," it is unnecessary to say more than that it has no appli-

cation whatever to this case, and only applies to actions for the recovery of lands, and the case at bar is in no sense that kind of an action.

From these considerations, it follows that the judgment must be affirmed. It is so ordered. GANTT, P. J., and SHERWOOD, J., concur.