EUGENE STOOPS, ETHEL FRAZIER, JEWELL MAYFIELD, RUTH CARUSO, DOROTHY SNOW, ROBERT LEE STOOPS, a Minor by His Guardian ETHEL FRAZIER, HAZEL BAKER and FLOYD STOOPS, Both Minors by Their Next Best Friend, LUCY STOOPS, and LUCY STOOPS, Appellants, v. BERTHA STOOPS, Respondent, No. 43203—256 S. W. (2d) 799.

Division Two, April 13, 1953.

1076

*A. T. Parrish* and *E. E. Hamlin* for appellants.

*John B. Newberry* for respondent.

BARRETT, C.—This is a suit to set aside two deeds to a tract of land in Dallas County. Prior to June 1948 Lucy Stoops and

I. E. Stoops were husband and wife, and, in 1946, owned two separate parcels of land as tenants by the entirety; one of the parcels consisted of lots in Springfield in Greene County, and the other consisted of farm land in Dallas County. In June 1948 Lucy Stoops and I. E. Stoops were divorced and, as alleged in the petition, became tenants in common of whatever real property they had formerly owned as tenants by the entirety. The petition alleges that prior to the divorce, on May 31st, 1946, Lucy Stoops was induced and compelled by force, duress and fraud on the part of her husband, who was then a person of unsound mind incapable of executing a deed, to execute an undelivered deed to the Dallas County land to O. D. Bradley, a straw party. Subsequently I. E. Stoops married Bertha Stoops, and on the 24th day of December 1948 Bradley conveyed the land to I. E. and Bertha Stoops as tenants by the entirety. I. E. Stoops died August 1, 1951, and this suit against his widow, Bertha, was instituted in Dallas County on the 21st day of September 1951. The plaintiffs claiming a one half interest in the land in Dallas County are Lucy Stoops, I. E's. former wife, and their eight children.

When the cause came on for hearing in the Circuit Court of Dallas County in May 1952, the defendant was permitted to withdraw her answer and file a motion to dismiss (Hamilton v. Linn, 355 Mo. 1178, 200 S. W. (2) 69) "the cause of action," for the following reasons: "(1) That there is now pending in the Circuit Court of Greene County, Missouri, an action covering the [801] subject matter. (2) That there is now pending in the Circuit Court of Greene County, Missouri, an action of which the present action is a part thereof; that the cause of action so pending in Greene County and the present action arose from the same act, contract or tort. (3) That the present action now pending in the Circuit Court of Dallas County, Missouri, is a part of an action now pending in the Circuit Court of Greene County, Missouri, and which other action has been adjudicated in favor of the defendant and is now pending in said court upon a motion for new trial." Upon what was said to be a pre-trial conference on the motion, in addition to the facts previously set forth in this opinion, it was agreed that the plaintiffs, on September 21, 1951, had instituted an identical suit against the defendant in the Circuit Court of Greene County respecting the lots in Springfield. That suit had been tried, and the Circuit Court of Greene County, in a "Memorandum of Court's Findings," found that there was no evidence of the pleaded fraud and duress, that the evidence offered to show the insanity of I. E. Stoops was not inconsistent with his sanity, that the plaintiff, Lucy Stoops, had full knowledge of the deeds and all the circumstances and was guilty of laches and, finally, that "the plaintiffs' testimony is untrue." Accordingly the Circuit Court of Greene County entered judgment for the defendant. The plaintiffs filed a motion for a new trial, which was overruled, and a notice of appeal. A full transcript of the

record has been filed and the appeal in that case is to be submitted to this division of this court May 7, 1953.

With these facts before it the Circuit Court of Dallas County was of the opinion, since the plaintiffs first selected Greene County as their forum, that the Circuit Court of Greene County had jurisdiction of the parties, and, one of the parcels of land being situated in that county, could have acquired jurisdiction to adjudicate the controversy in so far as it concerned the land in Dallas County. In these circumstances the Circuit Court of Dallas County was of the opinion that the plaintiffs had split their cause of action and were, therefore, precluded from maintaining this suit in Dallas County. Accordingly the Circuit Court of Dallas County entered judgment for the defendant upon the motion to dismiss and the plaintiffs have appealed.

With respect to the joinder of claims, or causes of action, (V.A.M.S. Sec. 509.060) the Civil Code of Missouri is permissive, and a plaintiff is not required to join his several causes of action even though they arise out of the same transaction. 1 Carr, Civil Procedure, Sec. 166, n. p. 358; Chamberlain v. Mo.-Ark. Coach Lines, 354 Mo. 461, 189 S. W. (2) 538. Despite the permissive character of the statute, however, a cause of action which is in fact single, as distinguished from a several cause of action, may not be split and filed or tried piecemeal, the penalty for which is that an adjudication of the suit first filed is a bar to a second suit. The rule against splitting a single cause of action is one of policy, the prevention of a vexatious multiplicity of suits. 1 C. J. S., Sec. 102, p. 1308. There is no hard and fast rule for the determination of what constitutes a single cause of action, it depends on the facts and circumstances, but, in general, if the actions arose out of the same act, contract or transaction, or, if the parties and subject matter are identical and the evidence necessary to sustain the claims are the same the actions are single and may not be split or separately tried. Grue v. Hensley, 357 Mo. 592, 597, 210 S. W. (2) 7, 10. Here both actions seek to set aside deeds for fraud, duress and lack of capacity and, it appears, both arose out of the same act or transaction and, under the tests, in these respects, possess the characteristics and qualities of single rather than of several causes of action. In this view the causes of action may be transitory rather than local (Lindell Real Estate Co. v. Lindell, 133 Mo. 386, 33 S. W. 466) but we are not concerned here with either court's acquisition of jurisdiction of the parties. State ex rel. Minihan v. Aronson, 350 Mo. 309, 165 S. W. (2) 404. Some of the plaintiffs resided in Greene County and some in Dallas County and there were tracts of land in both counties. Castleman v. Castleman, 184 Mo. 432, 83 [802] S. W. 757. Since there were separate deeds to separate tracts of land in different counties, even though executed on the same day, there is some analogy in the note cases, each note or deed constituting a separate and independent cause of action. Broyles v. Achor, (Mo. App.) 78 S. W. (2)

1080

459; 1 C. J. S., Sec. 105, p. 1339. Both suits affect and involve the title to real estate (Herriman v. Creason, 352 Mo. 1176, 181 S. W. (2) 502) and in that view the actions are mixed, if not local. The fact and test of whether the actions are joint or several, or local or transitory, is not plainly determinative of the precise question involved here. It may be assumed, for the purposes of this opinion, that the actions could have been joined and maintained in either county (Robinson v. Field, 342 Mo. 778, 117 S. W. (2) 308; Jacobs v. Stoner, 319 Mo. 1093, 7 S. W. (2) 698; annotation 118 A. L. R. 1400) and, while that fact may be of some force, it likewise is not determinative of the question presented by this appeal.

▉ The venue statute respecting the commencement of actions concerning real estate, V.A.M.S. Sec. 508.030, provides that "Suits for the possession of real estate, or whereby the title thereto may be affected, * * * shall be brought in the county where such real estate, or some part thereof, is situated." The precise question presented here is whether this statute, governing the commencement of actions in which the title to real estate may be affected, is mandatory as to the joinder of actions concerning separate parcels of real estate situated in different counties, in different judicial circuits. While this provision is a venue statute, it "is mandatory as to venue in *bringing* such an action * * * and its provisions cannot be waived." Howell v. Reynolds, (Mo.) 249 S. W. (2) 381, 383. In the Howell case it was held that the Circuit Court of the City of St. Louis had no jurisdiction to cancel a deed of trust to land in St. Louis County even though it had jurisdiction to cancel the note secured by the deed of trust. In that case, however, the action instituted in the City of St. Louis did not involve or affect land in the City of St. Louis. It is in this sense and in instances similar to this that the statute has always been considered mandatory; that an action affecting the title to real estate must be instituted in the county where the land is situated. The court in that case indicated that in either local or transitory actions properly instituted in one county that the court could "thereafter acquire jurisdiction of title to real estate situate in another county if it becomes necessary under the issues thereafter arising so to do in order to determine and adjudicate the rights of all parties to the suit." The court did not indicate how or in what instances this might be done and no such question was presented when this action was first tried in Greene County. In connection with the court's statement see Jacobs v. Stoner, 319 Mo. 1093, 7 S. W. (2) 698; Robinson v. Field, 342 Mo. 778, 117 S. W. (2) 308; Rice v. Griffith, 349 Mo. 373, 161 S. W. (2) 220. There was no objection by any of the parties that the case was being tried piecemeal, there was no suggestion of the pendency of another action in another jurisdiction, and, had any such suggestions been made, it is not immediately apparent what precisely could have been done about it. As indicated, it is assumed that the two actions

could have been joined and maintained in either county, even though the parcels of land involved are not contiguous and do not comprise a single tract divided by a county line but are in fact separate tracts of land in different jurisdictions. Annotation 169 A. L. R. 1245. In these suits the parties are the same, they rely upon a common source of title and the determination of the suits and ultimately of the title to the land depends upon questions common to both actions and so, if joined, would not be subject to the objection of misjoinder of parties or of multifariousness of actions. Annotation 118 A. L. R. 1400, 1405. Heretofore the cases concerning separate tracts of land in different counties and jurisdictions have involved the questions of misjoinder and multifariousness and, except for the distinguishable instance of a creditor seeking satisfaction of a judgment against separate tracts of land in different counties (Beavans v. Groff, 211 Ind. 85, 5 N. E. (2) 514; compare Laine v. Francis, 15 [803] Mo. App. 107) there has not been an adjudication in any jurisdiction that a plaintiff, in the circumstances of this case, was obliged to join his actions in one suit, or that the provisions of the venue statute relating to suits affecting land compelled such joinder. Annotations 169 A. L. R. 1245; 118 A. L. R. 1400; 110 A. L. R. 1477; 108 A. L. R. 699; 56 Am. Jur., Secs. 9, 11, 12, pp. 12-15.

However, the fact that the actions do affect separate and distinct tracts of land in separate jurisdictions, like the mixed character of the actions, is of some compelling force in considering whether the plaintiffs were obliged to join the two suits in one action. These two factors, in view of our concepts concerning land and land titles and our jealous regard of territorial jurisdiction to adjudicate titles (State ex rel. Gavin v. Muench, 225 Mo. 210, 124 S. W. 1124; Marston v. Catterlin, 290 Mo. 185, 234 S. W. 816), suggest the inference of permissiveness rather than of compulsion in the circumstances of this case. As has been noted the rule against splitting a single cause of action is one of policy, the prevention of a vexatious multiplicity of suits. In so far as these actions concern fraud and duress and lack of capacity and the mere setting aside of deeds, without regard to their effect upon particular land, it does not appear that the policy of the rule has been seriously infringed or that a grievous injury will result from the maintenance of the present suit, at least for the present. The action instituted and tried in Greene County has been appealed and is to be tried anew in this court upon its merits and in so far as it is or may become res judicata of at least the transitory characteristics of the action in Dallas County no great injustice can possibly result the awaiting a final disposition of that case. On the other hand, a reversal of that judgment and an affirmance of this one could result in an inconsistency if not in a preventable injustice in result. The fact of a trial and an appeal in that case and a trial of the appeal de novo, even without bond, is of some significance upon whether the policy of

the rule against splitting single causes of action has been violated, even though it may be the rule in Missouri that an appeal without supersedeas does not prevent a judgment from operating as res judicata. George v. Waller, (Mo.) 19 S. W. (2) 284; compare annotation 9 A. L. R. (2) 984. The statute in providing that suits affecting the title to real estate "shall be brought in the county where such real estate, *or some part thereof*, is *situated*" does not compel the construction that a plaintiff in the circumstances of this case, with separate deeds to separate tracts of land in different counties and jurisdictions, is obliged at his peril to join both suits in one action, even though the statute may have permitted such joinder.

For the reasons indicated the judgment is reversed and the cause remanded. *Westhues* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by BARRETT, C., is adopted as the opinion of the court. All the judges concur.