The **BANK OF HOUSTON,**
**Plaintiff–Respondent,**

v.

**Dwight MILAM and Rita Milam,**
**Defendants–Appellants.**

No. 18101.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 2, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 15, 1992.

Application to Transfer Denied
Nov. 24, 1992.

William E. Gladden, Houston, for plaintiff-respondent.

Thomas W. Millington, Schroff, Glass & Newberry, P.C., Springfield, for defendants-appellants.

PREWITT, Judge.

Plaintiff sought to recover a deficiency judgment based upon a promissory note, payment of which was secured by a security agreement on personal property of defendants. On April 8, 1992, judgment was entered in favor of plaintiffs for $57,312.99, interest and attorney's fee. Defendants appeal.

■ Review of this nonjury case requires that we give due regard to the opportunity of the trial court to judge the credibility of witnesses. Rule 73.01(c)(2). Review is under Rule 73.01(c). As that rule is interpreted, the judgment is to be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or erroneously applies the law. *Plunkett v. Parkin,* 788 S.W.2d 356, 357 (Mo.App.1990). As no findings of fact were requested or made, all fact issues shall be considered as having been found in accordance with the result. Rule 73.-01(a)(2); *Nelson v. Baker,* 776 S.W.2d 52, 53 (Mo.App.1989).

Defendants present two points relied on. Their first point asserts that the trial court erred in entering judgment against them "because the plaintiff's suit constituted the second action instituted arising out of the same transaction and therefore constituted an unlawful splitting of causes of action". Plaintiff earlier brought an action to replevin the collateral described in the security agreement.

The general rule as to splitting a cause of action was recently discussed in *King General Contractors v. Reorganized Church of Jesus Christ of Latter Day Saints,* 821 S.W.2d 495, 501 (Mo. banc 1991). That case sets forth the general rule, but did not involve a situation similar to the facts here.

The parties discuss and seem to rely upon *Stoops v. Stoops,* 363 Mo. 1075, 256 S.W.2d 799 (1953), and *Grue v. Hensley,* 357 Mo. 592, 210 S.W.2d 7 (1948). Both *Stoops* and *Grue* recognize that each promissory note is a separate contract and that separate suits may be brought upon notes although the notes arise from the same transaction. *Stoops,* 256 S.W.2d at 802; *Grue,* 210 S.W.2d at 11.

■ Where there is more than one promissory note each constitutes a separate and independent cause of action. *Broyles v. Achor,* 78 S.W.2d 459, 463 (Mo. App.1935). The character and status of multiple notes removes them from being within the usual rule as to splitting causes of action. *Id.* at 462–463.

■ Here, of course, there were not multiple promissory notes, but a note and a security agreement. Plaintiff could have sued on that note and ignored the collateral, see *State Bank of Fisk v. Omega Electronics,* 634 S.W.2d 234, 239 (Mo.App. 1982), but did not do so. Instead, plaintiff sought to recover possession of the collateral, sold it and then brought suit for the deficiency. A deficiency cannot be established until after the sale of the collateral. *Drannek Realty Co. v. Nathan Frank, Inc.,* 346 Mo. 187, 139 S.W.2d 926, 929 (1940). See also *Regional Investment Co. v. Willis,* 572 S.W.2d 191, 192 (Mo.App. 1978) (sale price is basis for measuring deficiency if sale fairly conducted).

Whether there would be a balance remaining due, a deficiency, could not be ascertained until the collateral was sold. Obviously plaintiff could not sell the collateral without securing possession of it. Of course, there might not have been a deficiency had the collateral sold for the amount due under the note.

Although both suits arise out of the same transaction, this court concludes that plaintiff did not split a cause of action as it had two separate causes of action. The replevin action was primarily, if not exclusively, based upon the provisions in the security agreement. This action was based on the amount owing on the promissory note. The note and security agreement were combined on one sheet of paper, but that does not change the separate nature of each.

Plaintiff was entitled to first secure possession of the property by replevin and then thereafter bring this action without

being barred by the prohibition against splitting a cause of action. There may not have been any basis for a deficiency suit and such an action on the note may not have been necessary. Point I is denied.

For their second point defendants state that the trial court erred in denying their motion to dismiss at the close of plaintiff's case because plaintiff "failed to prove that the sale of the secured property was performed in a commercially reasonable manner." Such a motion is authorized under Rule 67.02.

■ After making the motion, defendants offered evidence. By doing so, they can not complain of the ruling on the motion. When a motion to dismiss is made and denied in a nonjury case at the close of the plaintiff's evidence, any error is waived when evidence is introduced by the party making the motion. *Wilt v. Waterfield*, 273 S.W.2d 290, 294 (Mo.1954); *Van Berg v. Koch*, 413 S.W.2d 588, 590 (Mo.App. 1967).[1]

■ The reason for said rule is illustrated in this case. Evidence presented after plaintiff rested is relevant in determining whether plaintiff met its burden. Gratuitous review reveals that there was sufficient evidence for the trial court to find that the collateral was sold in a commercially reasonable manner.

■ Plaintiff acknowledges that it had the burden to show that the collateral was sold in a "commercially reasonable manner" as required by § 400.9–504, RSMo Supp.1990 and § 400.9–507, RSMo 1986. See *First Missouri Bank & Trust Co. v. Newman*, 680 S.W.2d 767, 770 (Mo.App. 1984).

Defendants do not point out any specific shortcoming of the sale or manner of sale, but only assert that plaintiff failed to prove that the sale was conducted in a commercially reasonable manner. Plaintiff contends that the public sale, conducted by the sheriff, was commercially reasonable. Section 400.9–504(3) specifically allows public sales.

■ A public sale requires notice or an invitation to the public to bid, allows the public to engage in competitive bidding, and occurs at a public place or a place accessible to the public. *Boatmen's National Bank of Carthage v. Eidson*, 796 S.W.2d 920, 923 (Mo.App.1990). This occurred here.

Defendants were notified of the sale by a copy of the "Notice of Sheriff's Sale". Three notices were posted in public places. The sale was conducted at the time stated in the notice. About ten people were present at the sale and the sheriff handled the bidding.

Defendant Dwight Milan was present at the sale. The sale lasted approximately 30 minutes. The items sold were a "1974 Freightliner Truck/Tractor ... 1976 International Truck/Trailer ... 1988 Transcraft Flatbed Trailer ... 1976 Utility 42 ft. Flatbed Trailer ... 1975 Timpte 40 ft. Flatbed Trailer". Plaintiff was the high bidder on four items and Eddie Evans bought the remaining item.

There was sufficient evidence for the court to find that the sale was commercially reasonable. Cf. *Mann v. United Mo. Bank of Kirkwood*, 689 S.W.2d 830 (Mo. App.1985); *Leasing Service Corp. v. Broetje*, 640 F.Supp. 51, 54 (E.D. Wash. 1986); *Credit Alliance Corp. v. David O. Crump Sand & Fill Co.*, 470 F.Supp. 489, 493–494 (S.D.N.Y.1979); *Massey Ferguson Credit Corp. v. Bond*, 176 Ga.App. 217, 335 S.E.2d 454 (1985).

The judgment is affirmed.

FLANIGAN, C.J., and MONTGOMERY, P.J., concur.

---

1. A similar rule exists in jury trials. See e.g. *King v. Clifton*, 648 S.W.2d 193, 196 (Mo.App. 1983). On the difference between a motion to dismiss in a nonjury matter and motions for directed verdict see *Wyrozynski v. Nichols*, 752 S.W.2d 433, 435–437 (Mo.App.1988).